WALSER and others v. MEMPHIS, C. & N. W. RY. CO.[1]

*(Circuit Court, E. D. Missouri. December 3, 1883.)*

1. JOINDER OF PARTIES—CORPORATIONS.
    A corporation is a necessary party defendant to a bill to enforce a judgment against it by compelling contribution from its stockholders.

2. JURISDICTION—SUIT NOT WHOLLY BETWEEN CITIZENS OF DIFFERENT STATES.
    Where there are two or more plaintiffs and two or more defendants, and one of the plaintiffs and one of the defendants are citizens of the same state, this court has no jurisdiction.

3. SAME—REMOVAL OF CAUSES FROM STATE TO FEDERAL COURT—AMENDMENTS.
    Where a case has been brought here from a state court, no change of pleadings or in the relationship of the parties, by amendments in this court, can give jurisdiction not disclosed by original proceedings in the state court.

Motion to remand, on the ground that this court has not jurisdiction of this case and the same was illegally removed because the claims and demands of the complainants are several and not joint, and some of them do not exceed the sum of $500, and because the controversy herein is not wholly between citizens of different states, but on the contrary is between citizens of the same state, and the controversy cannot be severed. For a report of the opinion of the court on a former motion to remand, and a fuller statement of facts, see 6 FED. REP. 797.

*Joseph Shippen* and *John P. Ellis*, for motion.
*Broadhead, Slayback & Hauessler*, for petitioning defendant.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

TREAT, J. A similar motion was made and decided by this court at the March term, 1881, by Judge McCRARY, in which I concurred. Since then many proceedings and orders have been improvidently had. It may be that in the recent case of *Barney* v. *Latham,* 103 U. S. 205, it was supposed that opposite views to those expressed by this court had been established. It seems, however, that after the order of this court to remand the case to the state court and an appeal allowed, a subsequent order was entered vacating said appeal, and leaving open the motion to remand for further consideration. The right to vacate said appeal is questionable. Since that order, an amended bill, a demurrer, and a new motion to remand have been filed. The right to remove the cause was dependent solely upon the condition thereof at the time of the motion made in the state court; and no change of pleading or relationship of the parties, by amendments thereafter in this court, could give jurisdiction not disclosed by the original proceedings in the state court. The opinion by Judge McCRARY, in 1881, has been fully confirmed by the many decisions of the United States supreme court since rendered. It is obvious, therefore, that the cause must be remanded, and all orders made since the original order to remand vacated.

An order will be entered accordingly.